1998 ME 258

**In re CHRISTMAS C. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 2, 1998.
Decided Dec. 4, 1998.

Donna A. Bailey, Saco, for appellant.

Andrew Ketterer, Attorney General, Janice S. Stuver, Asst. Atty. Gen., Augusta, for appellee.

Glenda Lovell, Kennebunkport, Guardian ad Litem.

Katharine S. Forte, Kittery, for father.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA and SAUFLEY, JJ.

CLIFFORD, J.

[¶ 1] The mother of Christmas C., Ronald C., and Stephen C. appeals from a judgment entered in the Superior Court (York County, *Studstrup, J.*) affirming a District Court (Springvale, *Humphrey, J.*) determination that the children are in circumstances of jeopardy and that the Department of Human Services may cease reunification and rehabilitation efforts pursuant to 22 M.R.S.A. § 4036(1)(G–1) (1992 & Supp.1997). The mother contends that the court erred when it applied a preponderance of the evidence standard in determining that the Department may cease reunification and rehabilitation efforts, that due process requires the application of a clear and convincing standard of proof, and that the Department failed to meet that standard. Because we conclude that the court correctly applied the preponderance of the evidence standard of proof in its determination, we affirm the judgment.

## I.

[¶ 2] The mother first contends that the statute providing for the court to allow the Department to cease efforts to reunify and rehabilitate the family of a child who has been removed from his or her home, 22 M.R.S.A. § 4036(1)(G–1), requires that the burden of proof applicable to that determination is clear and convincing evidence.[1]

[¶ 3] Statutory interpretation is a question of law. *See Cook v. Lisbon School Comm.*, 682 A.2d 672, 676 (Me.1996). When interpreting a statute, we look to its language and consider the "whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably

the intent of the legislature, may be achieved." *Estate of Whittier*, 681 A.2d 1, 2 (Me.1996).

[¶ 4] If the court determines that a child is in circumstances of jeopardy, the court may issue an order providing protection to that child. The finding of jeopardy is made by a preponderance of the evidence.[2] Several remedies are available to the court in fashioning such a protection order, including removal of the child from his or her home and granting custody to the Department. 22 M.R.S.A. § 4036(1)(F). If the child is removed from the home, the statute places on the Department a responsibility to aid in reunification of the child's family and in the family's rehabilitation. 22 M.R.S.A. § 4041(1)(A). The statute also places on the child's parents a responsibility to rectify and resolve the "problems which prevent the return of the child to the home" and requires them to "take part in a reasonable rehabilitation and reunification plan." 22 M.R.S.A. § 4041(1)(B).

[¶ 5] In certain circumstances, however, the obligation imposed on the Department to aid in the reunification and rehabilitation of the family need not be undertaken, or if undertaken, may be ended. Pursuant to 22 M.R.S.A. § 4036(1)(G–1), the court may order that the Department has no further responsibility to reunify and rehabilitate. *See also* 22 M.R.S.A. § 4041(2)(A).[3]

[¶ 6] The mother contends that the court can authorize the Department to discontinue rehabilitation and reunification efforts only if the court is persuaded by clear and convincing evidence as to one or more of the factors set out in section 4041(2)(A). If

---

1. Pursuant to a clear and convincing standard of proof, the party with the burden of persuasion prevails only if that party places in the ultimate factfinder an abiding conviction that the truth of the factual contentions advanced are "highly probable." *In re Dean A.*, 491 A.2d 572, 573 (Me.1985).

2. Title 22 M.R.S.A. § 4035(2) (1992 & Supp. 1997) provides that in a hearing for a final protection order, "the court shall make a finding, *by a preponderance of the evidence* whether the child is in circumstances of jeopardy to his health or welfare." (Emphasis added).

3. Title 22 M.R.S.A. § 4041(2)(A) provides:

The department may either decide to not commence or to discontinue rehabilitation and reunification efforts with either parent or the court may order that rehabilitation and reunification efforts need not commence or that the department has no further responsibilities for rehabilitation and reunification with either parent when:

....

(3) The parent is unwilling or unable to rehabilitate and reunify with the child within a time which is reasonably calculated to meet the child's needs; ...

the mother's contention is correct, the legislature would have intended for two separate burdens of proof to apply in a single hearing for a final protection order.

[¶ 7] The statute clearly states that a preponderance of the evidence standard is appropriate before a protection order is issued. 22 M.R.S.A. § 4035(2). One of the options available to the court to best protect the interests of the child is to allow the Department to cease rehabilitation and reunification efforts. In the absence of statutory language specifying otherwise, the same preponderance of the evidence standard governing the issuance of a protection order should govern the court's determination of whether to allow the Department to cease its efforts to reunify and rehabilitate. The legislature was mindful of the clear and convincing evidence standard of proof and explicitly made that standard applicable to proceedings to terminate parental rights. *See* 22 M.R.S.A. § 4055(1)(B)(2) (1992 & Supp.1997). If it was the intent of the legislature to make a clear and convincing standard applicable to any portion of a protection order, it could have articulated that standard within the statute. It did not do so. To allow the Department to discontinue its efforts to reunify the family and rehabilitate its members is an integral and essential part of the court's authority in child protection proceedings. When it is not in the best interests of the child that such efforts continue, the court has authority to permit the Department to cease the efforts. *See* 22 M.R.S.A. § 4038(7) (when two placements with the parent have failed, the court shall order discontinuance of reunification and rehabilitation efforts unless the parents demonstrate that reunification should be continued) (emphasis added). There is no basis to conclude that the legislature intended that authority to be exercised only on a showing of clear and convincing evidence. *See In re Denise M.*, 670 A.2d 390, 394 (Me.1996) (good faith effort on the part of the Department to effect reunification of the family pursuant to section 4041 established by preponderance of the evidence).

**II.**

[¶ 8] The mother also contends that even if the statutory language cannot be construed to support the application of a standard of proof higher than a preponderance of the evidence, the due process requirements of the Fourteenth Amendment of the United States Constitution and Article 1, Section 6–A of the Maine Constitution mandate the application of a clear and convincing standard when the Department seeks to cease rehabilitation and reunification efforts pursuant to 22 M.R.S.A. § 4036(1)(G–1).

[¶ 9] "This Court has long adhered to the principle that the Maine Constitution and the Constitution of the United States are declarative of identical concepts of due process." *State v. Rosado*, 669 A.2d 180, 182 (Me.1996) (quoting *Penobscot Area Hous. Dev. Corp. v. Brewer*, 434 A.2d 14, 24 n. 9 (Me.1981)). "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right which the particular pertinent constitutional provision purports to protect." *In re Alexander D.*, 1998 ME 207, ¶ 13, 716 A.2d 222.

[¶ 10] In a procedural due process challenge, we must first determine whether the governmental action has resulted in a deprivation of life, liberty, or property. *See Mahaney v. State*, 610 A.2d 738, 742 (Me. 1992). We have recognized and the parties agree that the relationship between parent and child is constitutionally protected and that due process must be afforded to a parent before the state may interfere with that relationship. *See Danforth v. State Dep't of Health and Welfare*, 303 A.2d 794, 796 (Me. 1973).

[¶ 11] There is no dispute that ceasing rehabilitation and reunification efforts affects an important liberty interest that implicates due process. Due process is a flexible concept that in this context requires us to consider: (1) the private interest affected; (2) the risk of error created by the standard of proof used; and (3) the countervailing state interest supporting use of the challenged standard. *See State v. Stade*, 683 A.2d 164, 166 (Me.1996). Due process requires, and the statute dealing with terminating parental rights provides, that parental

rights may be *terminated* only upon a showing, by clear and convincing evidence, of parental unfitness and that termination is in the best interest of the child. 22 M.R.S.A. § 4055(1)(B)(2)(a); *In re Merton R.*, 466 A.2d 1268, 1269 (Me.1983). The mother contends that because ceasing efforts to rehabilitate and to reunify the parent with her child involves the closest relationship between them, the interests and risks implicated are commensurate with the liberty interests at stake in a termination of parental rights case. Because the interests and risks at stake are not the same, however, the due process requirements are different as well.

[¶ 12] In *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982), the United States Supreme Court determined that before parental rights to a child can be terminated, due process requires that the requisite findings be proven by a clear and convincing evidence standard. As we have noted, the overriding factor considered by the Supreme Court in *Santosky* was the finality of the decision. *See Guardianship of Hughes*, 1998 ME 186, ¶ 13, 715 A.2d 919. In a termination proceeding, the state seeks "not only to infringe [on a] fundamental liberty interest, but to end it." *Id.* (citing *Santosky*, 455 U.S. at 758–59, 102 S.Ct. 1388). Unlike a termination order, an order allowing the Department to cease rehabilitation and reunification efforts is "neither final nor irrevocable." *In re Sabrina M.*, 460 A.2d at 1015–17 (rejecting mother's contention that due process requires clear and convincing standard of proof in child protection proceeding). Child protective proceedings are ongoing and protection orders may be, and frequently are, modified. Title 22 M.R.S.A. § 4038 provides for mandated review of a final protection order. Moreover, the parent has a right to have the order allowing the Department to cease its rehabilitation and reunification efforts periodically reviewed by the court. *Id.*; *see In re Alexander D.*, 1998 ME 207, ¶ 9, 716 A.2d 222 (parent may file motion for judicial review to increase contact with children).

[¶ 13] A protective order is issued if the Department proves by a preponderance of the evidence that the children are in jeopardy. Rehabilitating and reunifying the family is a normal part of such an order. If reunification and rehabilitation efforts fail, or if they would be fruitless, the Department may seek to be relieved of its obligation, or may decide not to commence reunification and rehabilitation efforts. *See* 22 M.R.S.A. §§ 4041(2) and 4036(1)(G–1). Following its being relieved of the obligation to reunify and rehabilitate, the Department then may take the additional step of petitioning the court to terminate the parental rights of the parent. *See* 22 M.R.S.A. §§ 4050, 4052, 4055 (1992). Because it is the last procedural step in the child protective statutory scheme, taken only after a determination that efforts to reunify children with their parents would be fruitless, and because it may lead to a complete and final severance of the parent's relationship with her child, it is appropriate that such a termination proceeding be subjected to a higher clear and convincing standard of proof. *In re Dean A.*, 491 A.2d 572, 573 (Me.1985). Due process, however, does not compel the application of that elevated standard to earlier, nonfinal, proceedings to protect children. *In re Sabrina M.*, 460 A.2d at 1015–17.

[¶ 14] Here, the Department made considerable efforts to rehabilitate the mother, including individual counseling, transportation for visitation with her children, substance evaluations, homemaker services, parenting groups and meetings, both at Counseling Services, Inc. and Roy House, and psychological evaluations. There is no indication that the Department shirked its responsibility under 22 M.R.S.A. § 4041(1). While we agree that the mother has a legitimate interest in reuniting with her children, the Department, pursuant to section 4041(2) justifiably sought to be relieved of its duty to provide these services. The application of a preponderance of the evidence standard to the court's determination to permit the Department to end those services provided adequate due process to the mother.

The entry is:

Judgment affirmed.