2006 ME 46

**In re Johnna M. et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 20, 2006.

Decided: May 2, 2006.

Philip A. Notis, Esq., South Portland, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. Gen., Lise Wagner, Asst. Atty. Gen., Augusta, for appellee.

Pamela Trudo, Esq., Portland, for Guardian ad Litem.

Carol Asquith, Esq., Law Office of Kevin Heffernan, Portland, for mother.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] The father of Johnna M. and Jamie M. appeals from orders of the District Court (Portland, *Beaudoin, J.*) finding jeopardy as to the father regarding Jamie, 22 M.R.S. § 4035 (2005), and authorizing the Department of Health and Human Services to cease reunification efforts regarding Johnna, 22 M.R.S. § 4041(2) (2005). The father asserts that there was insufficient evidence to support the jeopardy order regarding Jamie and the cease reunification order regarding Johnna.

[¶ 2] The Department of Health and Human Services cross-appeals from the court's finding that no aggravating factor exists as between the father and Jamie,

and contends that the court erred in not considering a cease reunification order with regard to Jamie pursuant to 22 M.R.S. §§ 4036(1)(G–2) and 4041(2)(A–2)(1) (2005). The Department asserts that an aggravating factor finding was compelled as a matter of law and that with that finding, the matter should be remanded to the District Court "for a determination of whether a cease reunification order as to [the father] and Jamie is appropriate."

[¶ 3] We affirm the jeopardy finding, and we dismiss those aspects of the appeal that challenge the decisions regarding cease reunification.

## LEGAL ANALYSIS

■ [¶ 4] We have previously affirmed a jeopardy finding as to the father regarding Johnna. *In re Johnna M.*, Mem–05–73 (Apr. 29, 2005). Contrary to the father's contentions, there is sufficient evidence in the record to support the court's finding of jeopardy with regard to Jamie. *See In re Jazmine L.*, 2004 ME 125, ¶ 16, 861 A.2d 1277, 1281. The record supports the court's finding that the father's mental health conditions and his approach to parenting and to interactions with the Department placed the child in circumstances of jeopardy detrimental to the child's health and welfare. *See In re Dakota P.*, 2005 ME 2, ¶ 15, 863 A.2d 280, 285.

[¶ 5] The Department asserts that the court erred as a matter of law in determining in its jeopardy order that "there is no aggravating factor *as to Jamie*." The finding of an aggravating factor is relevant to a request to cease reunification, 22 M.R.S. § 4036(1)(G–2); and it is not essential to a jeopardy order. Such a finding would authorize the Department to cease

reunification efforts with regard to the father and Jamie pursuant to 22 M.R.S. § 4041(2)(A–2)(1).

■ [¶ 6] In its issues statement as part of its notice of appeal, the Department indicated that it sought the aggravating factor finding to support a cease reunification effort by stating that an issue on appeal was: "whether the Court erred in not considering a no reunification order" pursuant to 22 M.R.S.A. § 4041(2)(A–2). The Department's brief in support of the cross-appeal further clarifies the purpose of its challenge to the no aggravating factor finding by stating that: "the Department requests that this Court vacate that portion of the jeopardy order finding that there was no aggravating factor as to Jamie, and that it remand the case to the District Court for a determination of whether a cease reunification order as to [the father] and Jamie is appropriate."

■ [¶ 7] By statute, 22 M.R.S. § 4006 (2005), appeals of cease reunification orders entered pursuant to 22 M.R.S. §§ 4036, 4038, or 4041 (2005), are interlocutory appeals, subject to dismissal.[1] If an order authorizing cease reunification is an interlocutory order and not appealable, an order refusing to cease reunification and ordering continued reunification efforts is likewise interlocutory and not appealable. The Department cannot bootstrap its challenge to the court's refusal to order cease reunification with regard to Jamie into an appealable order by asserting that it is appealing the finding incident to the appealable jeopardy order entered pursuant to 22 M.R.S. § 4035. Generally, a party to an appeal does not have standing to appeal from a finding to which they object within an overall favorable result. *Storer v. Dep't*

---

1. The statute governing appeals, 22 M.R.S. § 4006 (2005), addresses orders that are subject to appeal and indicates that: "[o]rders entered under this chapter under sections other than section 4035, 4054 or 4071 are interlocutory and are not appealable."

of Envtl. Prot., 656 A.2d 1191, 1192 (Me. 1995); *Ullis v. Town of Boothbay Harbor,* 459 A.2d 153, 155–56 (Me.1983). As to the jeopardy determination and order, the no aggravating factor finding is an unfavorable finding within an overall favorable result.

 [¶ 8] In its notice of appeal and also in its brief the Department acknowledges that what it really seeks to appeal is the court's failure to issue a cease reunification order pursuant to 22 M.R.S. §§ 4036 or 4041 as part of the jeopardy proceeding. Section 4006 clarifies that such an appeal is an interlocutory appeal subject to dismissal. The father's effort to appeal the cease reunification order with regard to Johnna is likewise an interlocutory appeal, subject to dismissal by operation of section 4006.

[¶ 9] Therefore, because the evidence in support of the jeopardy order is sufficient, the jeopardy order as to Jamie will be affirmed. The father's appeal of the cease reunification order with regard to Johnna, and the Department's challenge to the court's no aggravating factor finding and its consequent refusal to order cease reunification with regard to Jamie, will be dismissed as interlocutory appeals.

The entry is:

The jeopardy order regarding Jamie is affirmed. The appeals of cease reunification orders by the Department and by the father are dismissed as interlocutory.