MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2015 ME 110
Docket:        Cum-14-430
Argued:        May 14, 2015
Decided:       August 11, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.
Majority:      SAUFLEY, C.J., and ALEXANDER, MEAD, and GORMAN, JJ.
Concurrence/
   Dissent:    JABAR, J.

IN RE Z.S.


GORMAN, J.

[¶1]  The mother of Z.S. appeals from an order entered in the District Court (Portland, *Goranites, J.*) finding that the child is in circumstances of jeopardy.  The mother contends that there was insufficient evidence to support the court's finding of jeopardy, and that the court erred by ordering the Department of Health and Human Services to approve vaccinations for the child against the mother's wishes. We disagree and affirm.

## I.  BACKGROUND

[¶2]  In an order dated October 1, 2014, the court found, by a preponderance of the evidence, that the mother placed the child in circumstances of jeopardy.  *See* 22 M.R.S. § 4035(2) (2014).  Specifically, the court found that the mother "often conceals or withholds information" and "left two other jurisdictions to avoid further child protective service involvement and reunite with [the] father."  The

2

court found that the mother's inability to see the father as a potential threat to the child and her decision to remain in the relationship despite "first hand accounts" of domestic violence create jeopardy. *See* 22 M.R.S § 4002(6)(A) (2014).

[¶3] In addition to its conclusion that the mother's actions caused at least a threat of serious harm to the child, the court found that the mother refused all efforts to vaccinate the child based on her refusal to accept scientific facts, referencing her statement, "I do not believe in viruses." The court also found that the mother denied the child antibiotics because she believes that "the mind can cure all." Finally, the court found that the mother failed to obtain medical treatment for her child's hernia, noting her report that, when it bulges, she simply pushes it back. As a result of these findings, the court concluded that the child had been deprived of necessary health care. *See* 22 M.R.S. § 4002(6)(B-1).

[¶4] As part of the child protection order it issued granting custody to the Department, the court also ordered the Department, inter alia, to arrange for the child to have a full medical evaluation and to "approve such vaccinations as are deemed essential by the pediatrician."

[¶5] The mother appeals from both orders. *See* 22 M.R.S. § 4006 (2014).

## II. DISCUSSION

[¶6] The mother contends that the evidence was insufficient to support a finding of jeopardy. On appeal from a jeopardy order, "we review the trial court's

factual findings for clear error; those findings will be upheld unless there is no competent record evidence that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his health and welfare." *In re M.E.*, 2014 ME 98, ¶ 16, 97 A.3d 1082 (quotation marks omitted). Because the facts found by the court in its jeopardy order are supported by competent evidence in the record and provide a sufficient basis for the court's determination that the mother placed the child in circumstances of jeopardy, we affirm the finding of jeopardy.

[¶7] The mother also contends that the court erred by ordering the Department to approve all vaccinations for the child that are deemed essential by a pediatrician in its dispositional order pursuant to 22 M.R.S. § 4036 (2014).

[¶8]  Title 22 M.R.S. § 4006 permits "[a] party aggrieved by an order of a court entered pursuant to section 4035, 4054 or 4071 [to] appeal directly to the Supreme Judicial Court," but "[o]rders entered . . . under sections other than section 4035, 4054 or 4071 are interlocutory and are not appealable."  We recently reiterated that "the disposition ordered by a court after it makes [a jeopardy] finding is not appealable." *In re B.C.*, 2012 ME 140, ¶ 12, 58 A.3d 1118; *see also In re Matthew W.*, 2006 ME 67, ¶ 15, 903 A.2d 333.[1]   In addition, we have

---

[1]  In *In re Matthew W.*, we held that without adequate procedural protections, the Department could not approve a "do not resuscitate" (DNR) decision on behalf of a child in its custody over the objections of the child's parents whose parental rights had not been terminated.  2006 ME 67, ¶ 12, 903 A.2d 333.

specifically warned that "[t]he Department cannot bootstrap its challenge to the court's refusal to order cease reunification with regard to [the parent] into an appealable order by asserting that it is appealing the finding incident to the appealable jeopardy order entered pursuant to 22 M.R.S. § 4035." *In re Johnna M.*, 2006 ME 46, ¶ 7, 903 A.2d 331.

[¶9]  After the court found that the child was in circumstances of jeopardy, the court removed the child from the custody of his parents and granted the Department custody pursuant to 22 M.R.S. § 4036(1)(F).  Such an order gives the Department "full custody of the child *subject to the terms of the order and other applicable law*." 22 M.R.S. § 4037 (2014) (emphasis added).  Here, the terms of the court's order specifically require the Department, as the child's custodian, to "make arrangements for the child to have a full medical evaluation, including an evaluation of his hearing and hernia, and [] approve such vaccinations as are deemed essential by the pediatrician."

[¶10]  In addition, applicable law provides that the custodian of a child has, among other rights, the right to make medical decisions—including vaccination

---

We reasoned that, because "[e]xercise of a DNR over the parents' objections not only infringes upon the fundamental rights of parenthood, but could have the effect of conclusively preventing parents from raising their child or ever again exercising their fundamental rights," the Department's DNR decision could, in effect, terminate the parents' parental rights without the requisite findings by clear and convincing evidence.  *Id.* ¶ 11; *see also Santosky v. Kramer*, 455 U.S. 745, 769-70 (1982).  The court's order here, regarding vaccination and other essential medical care, does not raise the same concerns.

decisions—concerning that child. *See* 19-A M.R.S. § 1501 (2014); *Hinkley v. Hinkley*, 2000 ME 64, ¶¶ 2-10, 749 A.2d 752. The Department's right to have this child vaccinated is fully supported, and the court's order granting the Department such responsibility pursuant to section 4036 is not appealable pursuant to 22 M.R.S. § 4006.

[¶11] Because we conclude that the Legislature, by enacting section 4006, sought to preclude an appeal of a dispositional order issued pursuant to section 4036, we decline to address the mother's argument that this order was in some way "erroneous."[2]

The entry is:

Judgment affirmed.

---

[2] The mother also argues—and the dissent contends—that 20-A M.R.S. § 6355 (2014) makes immunization a "parental choice" in Maine. Title 20-A M.R.S. § 6355 simply does not have the effect that they argue. Maine schools require proof that a child has been vaccinated before the child can be enrolled. *See* 20-A M.R.S. § 6354 (2014). Such proof of immunization for school enrollment is not required when "[t]he parent states in writing a sincere religious belief that is contrary to the immunization requirement of this subchapter or an opposition to the immunization for philosophical reasons." 20-A M.R.S. § 6355. Section 6355 is further limited by 20-A M.R.S. § 6356 (2014), which states that when "a child who has not been immunized against one or more diseases presents a clear danger to the health of others," the child may "be excluded from school during the period of danger or until the child receives the necessary immunizing agent."

This child is only a year old, and no issues regarding school enrollment were raised during the jeopardy hearing. Title 20-A M.R.S. § 6355 has no applicability here.

6

JABAR, J., concurring in part and dissenting in part.

[¶12] Although I concur with the Court's conclusion that there was sufficient evidence to support the District Court's jeopardy finding, I believe the District Court erred when it included within its order the Department's right to approve vaccinations for Z.S. over the mother's objection. In a temporary or final child protection order, a court may order that a child receive "[n]ecessary emergency medical treatment" over a parent's or custodian's objections, 22 M.R.S. § 4036(1)(D) (2014), and we have held that the Department has the custodial authority to make "ordinary medical decisions" on behalf of a ward in its care. *In re Matthew W.*, 2006 ME 67, ¶ 11, 903 A.2d 333. However, Z.S.'s vaccination constitutes neither ordinary medical care nor necessary emergency treatment.

[¶13] Per Maine statute, parents may "opt out" of the state's general vaccination requirement and decline to immunize their child based on a sincere religious belief or a philosophical opposition. *See* 20-A M.R.S. §§ 6354(1), 6355 (2014). Maine's vaccination exemption statute reflects the Legislature's choice to treat preventative vaccinations differently than those ordinary medical decisions and necessary emergency medical treatments that fall within the scope of the State's custodial authority. Because Maine parents have an express statutory right to opt out of vaccinating their children, preventative vaccinations are not the type of ordinary medical procedures that the State may unilaterally authorize, at least so

long as the objecting parent or custodian retains that statutory parental right. Likewise, in light of both the statutory opt-out and a plain, common sense reading of section 4036(1)(D), preventative vaccines do not constitute "necessary emergency medical treatment" that the court may order to alleviate circumstances of jeopardy, absent rare or extreme circumstances that may place an unimmunized child at an unusually high risk of physical harm.

[¶14]  Furthermore, because the jeopardy order is temporary and the mother may eventually retain full parental rights over her child, the Department's decision to vaccinate Z.S. is a final decision that forever precludes the mother from exercising her statutory right to opt out of Z.S.'s vaccination.  "[J]udicial decisions that affect parental rights fall on a continuum based on the nature and extent of the interests and rights affected, and *the degree of finality* of the different types of decisions."  *Guardianship of Chamberlain*, 2015 ME 76, ¶ 23, --- A.3d --- (emphasis added).  "At one end of the continuum are proceedings to terminate a person's parental rights."  *Id*.  "Before the State can terminate parental rights, the dictates of due process require the requisite findings to be made by clear and convincing evidence, after notice and a hearing."  *In re Matthew W*., 2006 ME 67, ¶ 8, 903 A.2d 333; *see In re Christmas C.*, 1998 ME 258, ¶ 12, 721 A.2d 629.  At the other end of the continuum are jeopardy proceedings, where, as here, the State temporarily intrudes into the parent-child relationship in order to protect the child.

*Guardianship of Chamberlain*, 2015 ME 76, ¶ 26, --- A.3d ---. In such proceedings, "the lower standard of proof by a preponderance of the evidence is applied." *Id*.

[¶15] The decision to vaccinate Z.S. is final and permanent, and it involves a parental right that is defined by statute. In ordering the Department to vaccinate Z.S. over the mother's objections, the court effectively terminated this statutory parental right without any hearing or any decision arrived at by clear and convincing evidence.

[¶16] In this case there is no medical emergency, and no reason for the Department to act immediately. Z.S. has not been denied access to school or daycare as a result of his not being vaccinated.[3] There is no harm in the Department waiting to vaccinate Z.S. until the Title 22 action is complete—after which the State may be returning the child to the mother, or may be terminating the mother's parental rights. It is not up to us to determine whether the law giving the parents the right to opt out of vaccinations is wise or medically sound—the Legislature has given parents this right. If the Department wants to vaccinate the

---

[3] The Department's own rules regarding nursery schools recognize a parent's right to opt out of the general immunization requirements. 10-148 C.M.R. ch. 36 § XIX(A)(3) (2015); 22 M.R.S. § 8302-A (2014). Indeed, in accordance with those rules, before the jeopardy hearing the Department requested a letter from the mother explaining her decision to not vaccinate Z.S., to be put on file with Z.S.'s new daycare. 10-148 C.M.R. ch. 36 § XIX(A)(3) ("A written statement must be included in the record of any child for whom such an exemption is being claimed.").

child immediately over the parent's objection, it should request a hearing and convince the court by clear and convincing evidence that this statutory parental right should be terminated.

---

**On the briefs:**

Erika Bristol, Esq., Auburn, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

Erika Bristol, Esq., for appellant mother

Meghan Szylvian, Asst. Atty. Gen., for appellee Department of Health and Human Services

Portland District Court docket number PC-2014-50
FOR CLERK REFERENCE ONLY