GORMAN, J.
[¶ 1] The mother of Z.S. appeals from an order entered in the District Court (Portland, Goranites, J.) finding that the child is in circumstances of jeopardy. The mother contends that there was insufficient evidence to support the court’s finding of jeopardy, and that the court erred by ordering the Department of Health and Human Services to approve vaccinations for the child against the mother’s wishes. We disagree and affirm.
*1287 I. BACKGROUND
[¶ 2] In an order dated October 1, 2014, the court found, by a preponderance of the evidence, that the mother placed the child in circumstances of jeopardy. See 22 M.R.S. § 4035(2) (2014). Specifically, the court found that the mother “often conceals or withholds information” and “left two other jurisdictions to avoid further child protective service involvement and reunite with [the] father.” The court found that the mother’s inability to see the father as a potential threat to the child and her decision to remain in the relationship despite “first hand accounts” of domestic violence create jeopardy. See 22 M.R.S. § 4002(6)(A) (2014).
[¶ 3] In addition to its conclusion that the mother’s actions caused at least a threat of serious harm to the child, the court found that the mother refused all efforts to vaccinate the child based on her refusal to accept scientific facts, referencing her statement, “I do not believe in viruses.” The court also found that the mother denied the child antibiotics because she believes that “the mind can cure all.” Finally, the court found that the mother failed to obtain medical treatment for her child’s hernia, noting her report that, when it bulges, she simply pushes it back. As a result of these findings, the court concluded that the child had been deprived of necessary health care. See 22. M.R.S. § 4002(6)(B-1).
[¶ 4] As part of the child protection order it issued granting custody to the Department, the court also ordered the Department, inter alia, to arrange for the child to have a full medical evaluation and to “approve such vaccinations as are deemed essential by the pediatrician.”
[¶ 5] The mother appeals from both orders. See 22 M.R.S. § 4006 (2014).
II. DISCUSSION
[¶6] The mother contends that the evidence was insufficient to support a finding of jeopardy. On appeal from a jeopardy order, “we review the trial court’s factual findings for clear error; those findings will be upheld unless there is no competent record evidence that can rationally be understood' to establish as more likely than not that the child was in circumstances of jeopardy to his health and welfare.” In re M.E., 2014 ME 98, ¶ 16, 97 A.3d 1082 (quotation marks omitted). Because the facts found by the court in its jeopardy order are supported by competent evidence in the record and provide a sufficient basis for the court’s determination that the mother placed the child in circumstances of jeopardy, we affirm the finding of jeopardy.
[¶7] The mother also contends that the court erred by ordering the Department to approve all vaccinations for the child that are deemed essential by a pediatrician in its dispositional order pursuant to 22 M.R.S. § 4036 (2014).
[¶ 8] Title 22 M.R.S. § 4006 permits “[a] party aggrieved by an order of a court entered pursuant to section 4035, 4054 or 4071 [to] appeal directly to the Supreme Judicial Court,” but “[o]rders entered ... under sections other than section 4035, 4054 or 4071 are interlocutory and are not appealable.” We recently reiterated that “the disposition ordered by a court after it makes [a jeopardy] finding is not appeal-able,” In re B.C., 2012 ME 140, ¶ 12, 58 A.3d 1118; see also In re Matthew W., 2006 ME 67, ¶ 15, 903 A.2d 333.[1] In addition, we have specifically warned that *1288 “[t]he Department cannot bootstrap its challenge to the court’s refusal to order cease reunification with regard to [the parent] into an appealable order by asserting that it is appealing the finding incident to the appealable jeopardy order entered pursuant to 22 M.R.S. § 4035.” In re Johnna M., 2006 ME 46, ¶ 7, 903 A.2d 331.
[¶ 9] After the court found that the child was in circumstances of jeopardy, the court removed the child from the custody of his parents and granted the Department custody pursuant to 22 M.R.S. § 4036(1)(F). Such an order gives the Department “full custody of the child subject to the terms of the order and other applicable law." 22 M.R.S. § 4037 (2014) (emphasis added). Here, the terms of the court’s order specifically require the Department, as the child’s custodian, to “make arrangements for the child to have a full medical evaluation, including an evaluation of his hearing and hernia, and [] approve such vaccinations as are deemed essential by the pediatrician.”
[¶ 10] In addition, applicable law provides that the custodian of a child has, among other rights, the right to make medical decisions — including vaccination decisions — concerning that child. See 19-A M.R.S. § 1501 (2014); Hinkley v. Hinkley, 2000 ME 64, ¶¶ 2-10, 749 A.2d 752. The Department’s right to have this child vaccinated is fully supported, and the court’s order granting the Department such responsibility pursuant to section 4036 is not appealable pursuant to 22 M.R.S. § 4006.
[¶ 11] Because we conclude that the Legislature, by enacting section 4006, sought to preclude an appeal of a disposi-tional order issued pursuant to section 4036, we decline to address the mother’s argument that this order was in some way “erroneous.”[2]
The entry is:
Judgment affirmed.

. In In re Matthew W., we held that without adequate procedural protections, the Department could not approve a "do not resuscitate” (DNR) decision on behalf of a child in its custody over the objections of the child’s parents whose parental rights had not been terminated. 2006 ME 67, It 12, 903 A.2d 333. We reasoned that, because "[e]xercise of a DNR over the parents' objections not only infringes upon the fundamental rights of parenthood, but could have the effect of conclu *1288 sively preventing parents from raising their child or ever again exercising their fundamental rights,” the Department’s DNR decision could, in effect, terminate the parents' parental rights without the requisite findings by clear and convincing evidence. Id. ¶ 11; see also Santosky v. Kramer, 455 U.S. 745, 769-70, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The court’s order here, regarding vaccination and other essential medical care, does not raise the same concerns.

. The mother also argues — and the dissent contends — that 20-A M.R.S. § 6355 (2014) makes immunization a "parental choice” in Maine. Title 20-A M.R.S. § 6355 simply does not have the effect that they argue. Maine schools require proof that a child has been vaccinated before the child can be enrolled. See 20-A M.R.S. § 6354 (2014). Such proof of immunization for school enrollment is not required when “[t]he parent states in writing a sincere religious belief that is contrary to the immunization requirement of this sub-chapter or an opposition to the immunization for philosophical reasons.” 20-A M.R.S. § 6355. Section 6355 is further limited by 20-A M.R.S. § 6356 (2014), which states that when "a child who has not been immunized against one or more diseases presents a clear danger to the health of others,” the child may "be excluded from school during the period of danger or until the child receives the necessary immunizing agent.”
This child is only a year old, and no issues regarding school enrollment were raised during the jeopardy hearing. Title 20-A M.R.S. § 6355 has no applicability here.