JABAR, J.,
concurring in part and dissenting in part.
[¶ 12] Although I concur with the Court’s conclusion that there was sufficient evidence to support the District Court’s jeopardy finding, I believe the District Court erred when it included within its order the Department’s right to approve vaccinations for Z.S. over the mother’s objection. In a temporary or final child protection order, a court may order that a child receive “[n]ecessary emergency med *1289 ical treatment” over a parent’s or custodian’s objections, 22 M.R.S. § 4036(1)(D) (2014), and we have held that the Department has the custodial authority to make “ordinary medical decisions” on behalf of a ward in its care. In re Matthew W., 2006 ME 67, ¶ 11, 903 A.2d 333. However, Z.S.’s vaccination constitutes neither ordinary medical care nor necessary emergency treatment.
[¶ 13] Per Maine statute, parents may “opt out” of the state’s general vaccination requirement and decline to immunize their child based on a sincere religious belief or a philosophical opposition. See 20-A M.R.S. §§ 6354(1), 6355 (2014). Maine’s vaccination exemption statute reflects the Legislature’s choice to treat preventative vaccinations differently than those ordinary medical decisions and necessary emergency medical treatments that fall within the scope of the State’s custodial authority. Because Maine parents have an express statutory right to opt out of vaccinating their children, preventative vaccinations are not the type of ordinary medical procedures that the State may unilaterally authorize, at least so long as the objecting parent or custodian retains that statutory parental right. Likewise, in light of both the statutory opt-out and a plain, common sense reading of section 4036(1)(D), preventative vaccines do not constitute “necessary emergency medical treatment” that the court may order to alleviate circumstances of jeopardy, absent rare or extreme circumstances that may place an unimmunized child at an unusually high risk of physical harm.
[¶ 14] Furthermore, because the jeopardy order is temporary and the mother may eventually retain full parental rights over her child, the Department’s decision to vaccinate Z.S. is a final decision that forever precludes the mother from exercising her statutory right to opt out of Z.S.’s vaccination. “[J]udicial decisions that affect parental rights fall on a continuum based on the nature and extent of the interests and rights affected, and the degree of finality of the different types of decisions.” Guardianship of Chamberlain, 2015 ME 76, ¶ 23, 118 A.3d 229 (emphasis added). “At one end of the continuum are proceedings to terminate a person’s parental rights.” Id. “Before the State can terminate parental rights, .the dictates of due process require the requisite findings to be made by clear and convincing evidence, after notice and a hearing.” In re Matthew W., 2006 ME 67, ¶ 8, 903 A.2d 333; see In re Christmas C., 1998 ME 258, ¶ 12, 721 A.2d 629. At the other end of the continuum are jeopardy proceedings, where, as here, the State temporarily intrudes into the parent-child relationship in order to protect the child. Guardianship of Chamberlain, 2015 ME 76, ¶ 26, 118 A.3d 229. In such proceedings, “the lower standard of proof by a preponderance of the evidence is applied.” Id.
[¶ 15] The decision to vaccinate Z.S. is final and permanent, and it involves a parental right that is defined by statute. In ordering the Department to vaccinate Z.S. over the mother’s objections, the court effectively terminated this statutory parental right without any hearing or any decision arrived at by clear and convincing evidence.
[¶ 16] In this case there is no medical emergency, and no reason for the Department to act immediately. Z.S. has not been denied access to school or daycare as a result of his not being vaccinated.[3] *1290 There is no harm in the Department waiting to vaccinate Z.S. until the Title 22 action is complete — after which the State may be returning the child to the mother, or may be terminating the mother’s parental rights. It is not up to us to determine whether the law giving the parents the right to opt out of vaccinations is wise or medically sound — the Legislature has given parents this right. If the Department wants to vaccinate the child immediately over the parent’s objection, it should request a hearing and convince the court by clear and convincing evidence that this statutory parental right should be terminated.

. The Department’s own rules regarding nursery schools recognize a parent’s right to opt out of the general immunization requirements. 10-148 C.M.R. ch. 36 § XIX(A)(3) (2015); 22 M.R.S. § 8302-A (2014). Indeed, in accordance with those rules, before the jeopardy hearing the Department requested a *1290 letter from the mother explaining her decision to not vaccinate Z.S., to be put on file with Z.S.’s new daycare. 10-148 C.M.R. ch. 36 § XIX(A)(3) ("A written statement must be included in the record of any child for whom such an exemption is being claimed.”).