MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2017 ME 134
Docket:         Pen-17-53
Submitted
  On Briefs:    June 14, 2017
Decided:        June 27, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

IN RE KALIYAH B.

PER CURIAM

[¶1]  The mother of Kaliyah B. appeals from an order of the District Court (Bangor, *Jordan, J.*) finding jeopardy as to both her and the father pursuant to 22 M.R.S. § 4035(4-A) (2016), and ordering that the child be placed in the custody of the Department of Health and Human Services pursuant to 22 M.R.S. § 4036(1)(F) (2016).[1]  Because (1) a dispositional order of custody is not appealable,[2] (2) the mother does not challenge the finding of jeopardy as to her, and (3) the evidence supports the court's finding of jeopardy as to the father, we affirm the judgment.

---

[1] The father has not appealed.

[2] To the extent the mother challenges the dispositional order placing the child in Department custody rather than in the father's custody, such a challenge is interlocutory and not properly before us. *See* 22 M.R.S. §§ 4006, 4036 (2016).  As we have recently reiterated, "the disposition ordered by a court after it makes [a jeopardy] finding is not appealable."  *In re Z.S.*, 2015 ME 110, ¶ 8, 121 A.3d 1286 (alteration in original) (quotation marks omitted).  Accordingly, we do not address that aspect of the mother's appeal.  For the purposes of this appeal, we assume without deciding that one parent has standing to challenge a jeopardy determination as to another parent.

[¶2]  The court found, by a preponderance of the evidence, that as to both the mother and the father, the child was in circumstances of jeopardy to her health and welfare.  *See* 22 M.R.S. § 4035(2); *In re Dorothy V.*, 2001 ME 97, ¶¶ 11-12, 774 A.2d 1118.  The court based this determination on the following factual findings, which are supported by competent evidence in the record.

[¶3]  The mother suffers from substance abuse and mental health issues, has not participated in visitation with the child or attended services, used heroin regularly while pregnant with the child, and remained addicted to heroin as of the jeopardy hearing.  The father has a history of domestic violence and "has been neglectful and has failed to protect [the child]."

[¶4]  In October 2016, when the father had custody of the child, the mother called the father upset about her heroin addiction, her lack of support from family members, and her desire to see the child.  At this time, the child was a young, vulnerable infant, dependent on her caregiver.  The father took the child to live with the mother for several days.  Although the father knew, having been informed by the Department, that the child was not to be left alone with the mother unsupervised, on October 8, 2016, he left the child alone with the mother while he traveled to New York City.  Upon learning of

the arrangement, the Department undertook a search for the child, which lasted several hours before the child was located. During the search effort, the father spoke with the Department over the phone and lied repeatedly about his and the child's whereabouts.

[¶5] The court concluded that by leaving the child alone with the heroin-addicted mother and lying to those charged with protecting the child, the father exhibited a "serious failure in judgment" that created a circumstance of jeopardy. Because the court's finding that the child was more likely than not in circumstances of jeopardy in her father's care is supported by competent record evidence, we affirm the judgment. *See In re E.A.*, 2015 ME 37, ¶ 7, 114 A.3d 207.

The entry is:

> Judgment affirmed.

---

Randy G. Day, Esq., Garland, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2016-75
FOR CLERK REFERENCE ONLY