MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 149
Docket:       And-17-83
Submitted
  On Briefs:  June 29, 2017
Decided:      July 11, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## IN RE DOMINIC B. et al.

HUMPHREY, J.

[¶1]   The mother of Dominic B. and Channing T. appeals from a judgment of the District Court (Lewiston, *Dow, J.*) terminating her parental rights to her children.[1]  *See* 22 M.R.S. § 4055(1)(A), (B) (2016).

[¶2]  The mother does not challenge the court's findings that she is unfit to parent the children because (1) she has abandoned them, (2) she is unwilling and unable to protect them from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet their needs, and (3) she has failed to make a good faith effort to rehabilitate and reunify with them.[2]   *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (iii), (iv).   She contends only that the court committed clear error or abused its discretion

---

[1]  The court also terminated the parental rights of the father of each child.

[2]   In any event, these findings are supported by competent evidence in the record. *See In re Daniel H.*, 2017 ME 89, ¶ 17, --- A.3d ---.

when it determined that termination of her parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a).

[¶3] The mother's primary concern is that the children's current placement, with their maternal grandparents, is unsafe, and she contends that permanent placement there would not be in the children's best interests. The court's best interests determination in connection with the termination of the mother's parental rights, however, was not a determination of who will adopt the children or that any particular placement is in their best interests. *See In re Kenneth S.*, 2017 ME 45, ¶¶ 6, 8, 157 A.3d 244. It was a determination that *terminating the mother's parental rights* is in the children's best interests.[3] *Id.*

[¶4] In support of that determination, the court made the following findings of fact:

> [The mother] has inexcusably failed, for a period of more than six months, to communicate meaningfully or maintain regular visitation with either Channing or Dominic. She has also failed to participate in a plan or program of reunification.
>
> . . . [The mother] missed every drug screen arranged by DHHS, roughly 15-20 drug screens, offering the excuses of transportation problems or work conflicts.

---

[3] To the extent that the mother seeks to challenge the court's order identifying adoption as the permanency plan, *see* 22 M.R.S. § 4038-B(3) (2016), that order is interlocutory and not appealable, *see* 22 M.R.S. § 4006 (2016); *In re Johnna M.*, 2006 ME 46, ¶ 7 & n.1, 903 A.2d 331.

. . . .

[The mother] has repeatedly exposed the children to domestic violence in her relationships with men, and she has undertaken no services aimed at improving her insight or building her skills for preventing that in the future.

. . . .

. . . [F]or much of the period of reunification, [the mother] chose an abusive boyfriend . . . over the children.

. . . [The mother] testified that her lack of contact with the children was the fault of DHHS and her mother and stepfather. The [c]ourt does not believe her.

. . . The children have been placed in the care of the maternal grandmother and her husband . . . since April of 2014. . . . [The grandparents] meet all of the children's needs. They provide safety and stability for the children. They are willing to provide permanency for the children.

Both boys have medical issues that require medications and appointments. . . . [The grandparents] do a good job managing the boys' medications and appointments and communicating with their providers.

Dominic has expressed a clear preference for permanency with the [grandparents]. [He] is very angry with his mother. He refuses to see her, at this point. He is exhausted with her lies and her inconsistency. Channing is too young to express a meaningful preference, but he has been placed with the [grandparents] since he was less than a year old. . . . [T]he children have been in the care of the [grandparents] for close[] to three years. They absolutely need this permanency.

4

[¶5]  Given these findings, which are supported by competent evidence in the record, the court did not commit clear error or abuse its discretion when it determined that termination of the mother's parental rights is in the children's best interests.  *See In re Caleb M.*, 2017 ME 66, ¶ 33, 159 A.3d 345; *In re Kenneth S.*, 2017 ME 45, ¶¶ 6-8, 157 A.3d 244; *In re Ashley A.*, 679 A.2d 86, 89 (Me. 1996).

The entry is:

Judgment affirmed.

Richard Charest, Esq., Lewiston, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket numbers PC-2014-33 and -34
FOR CLERK REFERENCE ONLY