MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:      2018 ME 20
Docket:        Cum-17-394
Submitted
  On Briefs:   January 11, 2018
Decided:       February 1, 2018

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE COREY T.


PER CURIAM

[¶1]  The mother of Corey T. appeals from a judgment entered by the District Court (Portland, *Eggert, J.*) finding jeopardy as to the mother pursuant to 22 M.R.S. § 4035 (2017).[1]  She contends that the evidence was insufficient to support the trial court's finding of jeopardy.[2]  Because the record evidence supports the court's finding and determination of jeopardy, we affirm the judgment.

---

   [1]  The court also found jeopardy as to the father.  The father filed an appeal that was later withdrawn.

   [2]  The jeopardy order included a provision, based on the court's finding that continued reunification services were inconsistent with the permanency plan, relieving the Department of Health and Human Services of its obligation to provide the mother with reunification services pursuant to 22 M.R.S. § 4041(2)(A-2)(2) (2017).  Although the mother challenges this finding and order, that part of her appeal is from an interlocutory order and we do not address it.  *See* 22 M.R.S. § 4006 (2017); *In re Z.S.*, 2015 ME 110, ¶ 8, 121 A.3d 1286 ("[T]he disposition ordered by a court after it makes [a jeopardy] finding is not appealable.") (second alteration in original) (quotation marks omitted); *In re Johnna M.*, 2006 ME 46, ¶ 7, 903 A.2d 331.

[¶2]   The Department of Health and Human Services initiated a child protection proceeding, and the court (*Dobson, J.*) entered a preliminary protection order and placed the child in Department custody on April 22, 2017, the day the child was born.   After a contested hearing, by order dated September 14, 2017, the court (*Eggert, J.*) found jeopardy to the child's health and welfare.   The court based its jeopardy determination on the following findings of fact:

> The mother . . . has been diagnosed with Schizoaffective Disorder, and she has been working with [a service provider] for at least the past year.  Based on the testimony, it is clear that the mother struggles with daily functioning and social interactions due to her mental health diagnosis.  According to her psychiatric nurse practitioner, the mother is only able to manage her own activities of daily living and there are no signs that she can do much more than that, preventing her from being able to appropriately care for an infant.

> [The mother] has been living at [a women's homeless shelter] for the past seven years, but cannot live there with a child. She may soon be getting more permanent housing at a [supported housing] group home, which would provide her with 24-hour support and would be good for her.  The group home is only for adults.  There is no way to determine how long she would be a resident there, but estimates of six months to two years are too long to wait for permanency for this infant.

[¶3]  Based on these findings, the court determined, by a preponderance of the evidence, that the child was in circumstances of "jeopardy to his health

and welfare in the absence of a Jeopardy Order." *See* 22 M.R.S. § 4035(2). The mother timely appealed. *See* 22 M.R.S. § 4006; M.R. App. P. 2B(c)(1).

[¶4]  Contrary to the mother's contentions, the court's findings are supported by competent evidence in the record that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his health and welfare.[3]  *See* 22 M.R.S. § 4035(2); *In re Nicholas S.,* 2016 ME 82, ¶¶ 9, 13, 140 A.3d 1226.

The entry is:

Judgment affirmed.

---

Kristina Dougherty, Esq., Wise Old Law, LLC, Portland, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2017-39
FOR CLERK REFERENCE ONLY

---

[3] The mother also made an ineffective-assistance-of-counsel claim in her direct appeal from the jeopardy order. Ineffective-assistance-of-counsel claims in child protection proceedings are an "area of evolving jurisprudence." *In re Evelyn A.*, 2017 ME 182, ¶ 19, 169 A.3d 914. We need not reach the mother's argument because, even assuming that the claim is cognizable on appeal from a jeopardy order, such a claim would require a prima facie showing of ineffectiveness. *See In re Aliyah M.,* 2016 ME 106, ¶ 12, 144 A.3d 50. Without deciding whether, and how, a parent may make a claim for ineffective assistance of counsel to challenge a jeopardy order, we conclude that the record does not support a genuine claim that counsel's performance rose to the level of serious incompetency, inefficiency, or inattention, or that "the [mother] was prejudiced by counsel's alleged failure[s]." *In re Tyrel L.*, 2017 ME 212, ¶¶ 8, 12-14, 172 A.3d 916 (second alteration in original) (quotation marks omitted).